OPINION
{¶ 1} On August 17, 2001, appellant Johnnie Cricks drove himself, a co-defendant, and at least one juvenile around the area of Cleveland Avenue S.W. and 37th Street in Canton, Ohio. Appellant stopped the car on two occasions, allowing his co-defendant to exit the car, hold a starter pistol to an individual on the street, and take money from the individual. The victims were not aware that the pistol was a starter pistol, rather than a real pistol.
 {¶ 2} Appellant was indicted by the Stark County Grand Jury on two counts of complicity to commit aggravated robbery. Appellant entered a plea of guilty to both charges. He was sentenced to a determinate term of incarceration of three years on each count, to be served consecutively. Appellant assigns a single error on appeal:
 {¶ 3} "I. THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING CONSECUTIVE SENTENCES ON APPELLANT IN VIOLATION OF R.C. § 2929.14 (E)(4)."
 {¶ 4} Appellant argues that the court erred in imposing consecutive sentences on appellant. Specifically, appellant argues that the court's finding that appellant's conduct was the most serious form of the offense, and that the harm was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct, is not supported by clear and convincing evidence.
 {¶ 5} The authority of this court to hear an appeal from a criminal sentence is governed by statute. R.C. 2953.08 (C) provides for appeal of a consecutive sentence:
 {¶ 6} "(C:). In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of Section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."
 {¶ 7} As appellant pled guilty to two counts of complicity to aggravated robbery, a felony of the first degree, the court had the option of sentencing appellant to a ten year determinate sentence on each count. R.C. 2929.14(A)(1). As the consecutive sentences did not exceed the maximum prison term allowed for the most serious offense of which appellant was convicted, the sentence in the instant case is not appealable pursuant to R.C. 2953.08 (C).
 {¶ 8} Thus, the only basis on which appellant can appeal is that the sentence is contrary to law, as provided in R.C. 2953.08 (A)(4). On appellate review, this court may only increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds that the record does not support the sentence, or that the sentence is otherwise contrary to law. R.C. 2953.08 (G)(2).
 {¶ 9} In the instant case, we cannot clearly and convincingly find that the court erred in finding pursuant to R.C. 2929.14 (E) that the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, and that consecutive sentences were necessary to protect the public from future crime. The trial court made findings on the record that appellant and his co-defendant drove around in a car until they spotted individuals they felt were susceptible, and could be overpowered by them. Tr. 10. While the weapon used was a starter pistol, the people they were robbing were not aware that it was not a real gun. The court found that appellant and his co-defendant picked people out on the street at random, and when they were not satisfied with the amount of money from the first robbery, they got back in the car and drove around until they found someone else to rob. Id. The court found the offenses involved planned decisions, by a group of young men in a car, to rob people that were merely standing on the street. Tr. 11. The court therefore found that this was the most serious form of the offense. The court further made a finding that the consecutive sentences were necessary to protect the public from future crimes by this offender and others, as other young people may get the idea that the way to earn a wage is to get a starter pistol, and stick it in someone's face, with only a few years in prison as punishment. Tr. 13. The court felt that to run the sentences concurrently would give appellant and his friends a "free robbery." Tr. 15.
 {¶ 10} Appellant has not demonstrated clearly and convincingly that the sentence in the instant case was not supported by the record, and was contrary to law.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer J., and Boggins, J., concur.